JS 44 (Rev. 06/17)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet.   *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

| I. (a) PLAINTIFFS | DEFENDANTS |
|---|---|
| Innovative Environmental Technologies, Inc. and Provectus Environmental Products, Inc. | Total Petrochemicals & Refining USA, Inc. and RETIA, LLC |
| (b) County of Residence of First Listed Plaintiff   Bucks *(EXCEPT IN U.S. PLAINTIFF CASES)* | County of Residence of First Listed Defendant   Chester *(IN U.S. PLAINTIFF CASES ONLY)* NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED. |
| (c) Attorneys *(Firm Name, Address, and Telephone Number)* Bryan R. Lentz, Esquire, Bochetto & Lentz, P.C., 1524 Locust Street, Philadelphia, PA 19102, (215) 735-3900 | Attorneys *(If Known)* |

**II. BASIS OF JURISDICTION** *(Place an "X" in One Box Only)*

- ☐ 1  U.S. Government Plaintiff
- ☒ 3  Federal Question *(U.S. Government Not a Party)*
- ☐ 2  U.S. Government Defendant
- ☐ 4  Diversity *(Indicate Citizenship of Parties in Item III)*

**III. CITIZENSHIP OF PRINCIPAL PARTIES** *(Place an "X" in One Box for Plaintiff and One Box for Defendant)* *(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. NATURE OF SUIT** *(Place an "X" in One Box Only)*    Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 376 Qui Tam (31 USC 3729(a)) |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | | ☐ 400 State Reapportionment |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | | | **PROPERTY RIGHTS** | ☐ 410 Antitrust |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | ☐ 368 Asbestos Personal Injury Product Liability | | ☐ 820 Copyrights | ☐ 430 Banks and Banking |
| ☐ 151 Medicare Act | ☐ 340 Marine | | | ☒ 830 Patent | ☐ 450 Commerce |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 345 Marine Product Liability | **PERSONAL PROPERTY** | | ☐ 835 Patent - Abbreviated New Drug Application | ☐ 460 Deportation |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 370 Other Fraud | **LABOR** | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 371 Truth in Lending | ☐ 710 Fair Labor Standards Act | **SOCIAL SECURITY** | ☐ 480 Consumer Credit |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 380 Other Personal Property Damage | ☐ 720 Labor/Management Relations | ☐ 861 HIA (1395ff) | ☐ 490 Cable/Sat TV |
| ☐ 195 Contract Product Liability | ☐ 362 Personal Injury - Medical Malpractice | ☐ 385 Property Damage Product Liability | ☐ 740 Railway Labor Act | ☐ 862 Black Lung (923) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 196 Franchise | | | ☐ 751 Family and Medical Leave Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| | | | ☐ 790 Other Labor Litigation | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| | | | ☐ 791 Employee Retirement Income Security Act | ☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | | | ☐ 895 Freedom of Information Act |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | **Habeas Corpus:** | | **FEDERAL TAX SUITS** | ☐ 896 Arbitration |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | ☐ 510 Motions to Vacate Sentence | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 950 Constitutionality of State Statutes |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations | ☐ 530 General | | | |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 535 Death Penalty | **IMMIGRATION** | | |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | **Other:** ☐ 540 Mandamus & Other | ☐ 462 Naturalization Application ☐ 465 Other Immigration Actions | | |
| | ☐ 448 Education | ☐ 550 Civil Rights ☐ 555 Prison Condition ☐ 560 Civil Detainee - Conditions of Confinement | | | |

**V. ORIGIN** *(Place an "X" in One Box Only)*

- ☒ 1  Original Proceeding
- ☐ 2  Removed from State Court
- ☐ 3  Remanded from Appellate Court
- ☐ 4  Reinstated or Reopened
- ☐ 5  Transferred from Another District *(specify)*
- ☐ 6  Multidistrict Litigation - Transfer
- ☐ 8  Multidistrict Litigation - Direct File

**VI. CAUSE OF ACTION**
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
28 U.S.C. Section 1391
Brief description of cause:
Patent Infringement Claim

**VII. REQUESTED IN COMPLAINT:**   ☐ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.   DEMAND $ in excess of $150,000   CHECK YES only if demanded in complaint: JURY DEMAND:  ☒ Yes  ☐ No

**VIII. RELATED CASE(S) IF ANY**   *(See instructions):*   JUDGE _____   DOCKET NUMBER _____

DATE  7/26/18   SIGNATURE OF ATTORNEY OF RECORD  *[signature]*

**FOR OFFICE USE ONLY**

RECEIPT #_____   AMOUNT_____   APPLYING IFP_____   JUDGE_____   MAG. JUDGE_____

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

DESIGNATION FORM
*(to be used by counsel or pro se plaintiff to indicate the category of the case for the purpose of assignment to the appropriate calendar)*

Address of Plaintiff: _____6071 Easton Road, Pipersville, PA 18947_____

Address of Defendant: _____665 Stockton Drive, Exton, PA 19341_____

Place of Accident, Incident or Transaction: _____Eastern District of Pennsylvania_____

---

**RELATED CASE, IF ANY:**

Case Number: _____   Judge: _____   Date Terminated: _____

Civil cases are deemed related when *Yes* is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?   Yes ☐   No ☑

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?   Yes ☐   No ☑

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action of this court?   Yes ☐   No ☑

4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual?   Yes ☐   No ☑

I certify that, to my knowledge, the within case ☐ is / ☑ is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: __7/26/18__   _/s/ Bryan Lentz_   __71383__
           *Attorney-at-Law / Pro Se Plaintiff*                    *Attorney I.D. # (if applicable)*

---

**CIVIL:** (Place a √ in one category only)

**A.   Federal Question Cases:**

☐ 1. Indemnity Contract, Marine Contract, and All Other Contracts
☐ 2. FELA
☐ 3. Jones Act-Personal Injury
☐ 4. Antitrust
☑ 5. Patent
☐ 6. Labor-Management Relations
☐ 7. Civil Rights
☐ 8. Habeas Corpus
☐ 9. Securities Act(s) Cases
☐ 10. Social Security Review Cases
☐ 11. All other Federal Question Cases
     *(Please specify):* _____

**B.   Diversity Jurisdiction Cases:**

☐ 1. Insurance Contract and Other Contracts
☐ 2. Airplane Personal Injury
☐ 3. Assault, Defamation
☐ 4. Marine Personal Injury
☐ 5. Motor Vehicle Personal Injury
☐ 6. Other Personal Injury *(Please specify):* _____
☐ 7. Products Liability
☐ 8. Products Liability – Asbestos
☐ 9. All other Diversity Cases
     *(Please specify):* _____

---

**ARBITRATION CERTIFICATION**
*(The effect of this certification is to remove the case from eligibility for arbitration.)*

I, __Bryan R. Lentz, Esquire__, counsel of record *or* pro se plaintiff, do hereby certify:

☑ Pursuant to Local Civil Rule 53.2, § 3(c) (2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs;

☐ Relief other than monetary damages is sought.

DATE: __7/26/18__   _/s/ Bryan Lentz_   __71383__
           *Attorney-at-Law / Pro Se Plaintiff*                    *Attorney I.D. # (if applicable)*

NOTE: A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

Civ. 609 (5/2018)

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

DESIGNATION FORM
*(to be used by counsel or pro se plaintiff to indicate the category of the case for the purpose of assignment to the appropriate calendar)*

Address of Plaintiff: __6071 Easton Road, Pipersville, PA 18947__

Address of Defendant: __665 Stockton Drive, Exton, PA 19341__

Place of Accident, Incident or Transaction: __Eastern District of Pennsylvania__

---

**RELATED CASE, IF ANY:**

Case Number: _____   Judge: _____   Date Terminated: _____

Civil cases are deemed related when *Yes* is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?   Yes [ ]   No [✓]

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?   Yes [ ]   No [✓]

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action of this court?   Yes [ ]   No [✓]

4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual?   Yes [ ]   No [✓]

I certify that, to my knowledge, the within case  [ ] is / [✓] is not  related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: __7/26/18__   _/s/ Bryan Lentz_   __71383__
   *Attorney-at-Law / Pro Se Plaintiff*   *Attorney I.D. # (if applicable)*

---

**CIVIL:** (Place a √ in one category only)

A.   *Federal Question Cases:*

[ ] 1. Indemnity Contract, Marine Contract, and All Other Contracts
[ ] 2. FELA
[ ] 3. Jones Act-Personal Injury
[ ] 4. Antitrust
[✓] 5. Patent
[ ] 6. Labor-Management Relations
[ ] 7. Civil Rights
[ ] 8. Habeas Corpus
[ ] 9. Securities Act(s) Cases
[ ] 10. Social Security Review Cases
[ ] 11. All other Federal Question Cases
   *(Please specify):* _____

B.   *Diversity Jurisdiction Cases:*

[ ] 1. Insurance Contract and Other Contracts
[ ] 2. Airplane Personal Injury
[ ] 3. Assault, Defamation
[ ] 4. Marine Personal Injury
[ ] 5. Motor Vehicle Personal Injury
[ ] 6. Other Personal Injury *(Please specify)*: _____
[ ] 7. Products Liability
[ ] 8. Products Liability – Asbestos
[ ] 9. All other Diversity Cases
   *(Please specify):* _____

---

**ARBITRATION CERTIFICATION**
*(The effect of this certification is to remove the case from eligibility for arbitration.)*

I, __Bryan R. Lentz, Esquire__, counsel of record or pro se plaintiff, do hereby certify:

[✓] Pursuant to Local Civil Rule 53.2, § 3(c) (2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs:

[ ] Relief other than monetary damages is sought.

DATE: __7/26/18__   _/s/ Bryan Lentz_   __71383__
   *Attorney-at-Law / Pro Se Plaintiff*   *Attorney I.D. # (if applicable)*

NOTE: A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

Civ. 609 (5/2018)

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

**CASE MANAGEMENT TRACK DESIGNATION FORM**

| | | |
|---|---|---|
| INNOVATIVE ENVIRONMENTAL TECHNOLOGIES, INC., et al. | : | CIVIL ACTION |
| v. | : | |
| TOTAL PETROCHEMICALS & REFINING USA, INC., et al. | : | NO. |

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.) In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a case management track designation form specifying the track to which that defendant believes the case should be assigned.

SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:

(a) Habeas Corpus – Cases brought under 28 U.S.C. §2241 through §2255.   ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health and Human Services denying plaintiff Social Security Benefits   ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2.   ( )

(d) Asbestos – Cases involving claims for personal injury or property damage from exposure to asbestos.   ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are commonly referred to as complex and that need special or intense management by the court. (See reverse side of this form for a detailed explanation of special management cases.)   ( )

(f) Standard Management – Cases that do not fall into any one of the other tracks.   ( X )

| 7/26/18 | Bryan R. Lentz, Esq. | /s/ Bryan Lentz |
|---|---|---|
| Date | Attorney-at-law | Attorney for Defendants |
| (215) 735-3900 | (215) 735-2455 | blentz@bochettoandlentz.com |
| Telephone | FAX Number | E-Mail Address |

(Civ. 660) 10/02

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **INNOVATIVE ENVIRONMENTAL TECHNOLOGIES, INC. AND PROVECTUS ENVIRONMENTAL PRODUCTS, INC.** : <br> : <br> *Plaintiffs*, : <br> : <br> v. : <br> : <br> **TOTAL PETROCHEMICALS & REFINING USA, INC.** : <br> 665 Stockton Drive : <br> Exton, PA 19341 : <br> : <br> And : <br> : <br> **RETIA, LLC** : <br> 665 Stockton Drive : <br> Exton, PA 19341 : <br> : <br> *Defendants*. : | Civil Action No. <br><br><br><br><br><br><br><br><br>**JURY TRIAL DEMANDED** |

## COMPLAINT

**AND NOW**, comes Plaintiffs, Innovative Environmental Technologies, Inc. ("IET") and Provectus Environmental Products, Inc. ("Provectus"), by and through its undersigned counsel Bochetto & Lentz, P.C. ("B&L"), and brings this action against Defendants, Total Petrochemicals & Refining USA, Inc. ("Total"), and Retia LLC ("Retia"), and in support thereof, alleges as follows:

## JURISDICTION AND VENUE

1. This action arises under the patent laws of the United States, Titles 17 and 35, United States Code.

2. This Court has subject matter jurisdiction over IET's/Provectus' cause of action for patent infringement pursuant to 28 U.S.C. 1331 §§ and 1338 (a).

3. Venue properly lies in the District under the provisions of 28 U.S.C. §1391 as Defendants are subject to personal jurisdiction in this venue.

4. This Court has personal jurisdiction over Total and Retia because Total and Retia have purposefully availed themselves of the jurisdiction of the Eastern District of Pennsylvania by maintaining employees whose offices are in the district and who have continuous and systematic contacts with Pennsylvania by conducting business in this district sufficient in volume to constitute substantial contacts here.

## PARTIES

5. IET is incorporated in Pennsylvania with its principal place of business located in Pipersville, Pennsylvania.

6. Provectus is incorporated in Pennsylvania with its principal place of business located in 2871 W Forest Rd #2, Freeport, IL 61032 and 6071 Easton Road, Pipersville, PA 18947.

7. Total is a United States Corporation that maintains an office in Exton Pennsylvania located at 665 Stockton Drive, Exton, PA 19341.

8. RETIA is an LLC which was formed on January 1, 2012 as a wholly-owned subsidiary of Total with responsibility for remediation and risk management activities and may be served at the same address as listed above.

## BACKGROUND

9. IET is the owner of all rights, title and interests in and to United States Patent No. 7,531,709 (the ""'709 Patent").

10. IET has assigned Provectus the exclusive right to issue sublicense for the '709. IET retains the right and responsibility to assert all causes of action arising under the patent.

11. On May 12, 2009, the '709 Patent entitled "Method for Accelerated Dechlorination of Matter" was duly issued by the United States Patent and Trademark Office (*See* a true and correct copy of the '709 Patent is attached as **Ex. A** and incorporated by reference).

12. The '709 Patent has a priority date of January 6, 2003 based on the filing of a provisional patent for this process.

13. The '709 Patent teaches: "the accelerated dechlorination of subsurface matter by anaerobic microorganisms in conjunction with oxygen scavengers, vitamins, nutrients and zero valent metals."

14. A recent request for *ex parte* reexamination of the '709 Patent was filed on August 18, 2017. An order granting *ex parte* reexamination was issued on October 2, 2017.

15. During the pendency of the *ex parte* challenge the patent remained fully valid and enforceable.

16. On July 16, 2018 an Ex Parte Reexamination Certificate was issued for the '709 patent and all of the claims were determined to be valid and patentable including claims 1 and 3 that were slightly amended to provide clarity. (**Ex. A.**)

17. Claim 1 of the '709 Reexamination Certificate reads:

> A method for accelerated anaerobic dechlorination of subsoil, comprising the steps of: supplying a mixture including a zero valent metal into permeable pathways in the subsoil that chlorinated solvents have migrated to in order to

          reduce concentrations of dissolved chlorinated solvents in groundwater via chemical reactions with a surface of the zero valent metal, providing a hydrogen source via hydrolysis of the groundwater at the surface of the zero valent metal and evolution of hydroxides; and supplying an organic hydrogen donor into the permeable pathways to provide a hydrogen source via the fermentation of the organic hydrogen donor and produce dechlorinating conditions such that indigenous anaerobic bacteria biodegrade residual concentrations of chlorinated solvents, wherein combined use of the zero valent metal and the organic hydrogen donor together in the permeable pathways accelerate dechlorination of contaminants in the subsoil and dechlorinate intermediates of the chlorinated solvents.

18.    Claim 3 of the '709 Reexamination Certificate reads

          The method of claim 1 wherein the steps of supplying said mixture and said organic hydrogen donor are carried out by placing an injection rod into the subsoil and then injecting them under pressure through the injection rod into the permeable pathways (Emphasis added).

19.    All of the claims of infringement against the Defendants remain valid in all respects.

## Total and RETIA's Knowing Infringement of The '709 Patent

20.    In April of 2017, RETIA on behalf of Total solicited Requests-for-Proposal (RFPs) for the Enhanced In-Situ Dechlorination remedial action that will consist of the injection of EHC-L® (or equivalent) and magnesium hydroxide (or equivalent) to promote chemical and biological dechlorination processes in impacted ground water in two distinct areas at the former S.S. White site located at 100 South Holmdel Road in Holmdel, New Jersey ("S.S. White") (*See* a true and correct copy of S.S. White RFP attached hereto as **Ex. B**.)

21.    Plaintiff IET submitted a response to RFP for the project in June of 2017 (*See* true and correct copy of the IET response to RFP attached hereto as **Ex. C**.)

22.    In July of 2017, IET amended its proposal in response to technical concerns raised by Total employee and representative, Gary Shelby ("Shelby") (**Ex. D**.)

23. In August of 2017, IET amended its response again in order to reduce the overall project costs at the request of Shelby. (**Ex. E.**)

24. In all three IET proposals, IET expressly cited the '709 patent as a key technology that would be utilized during the execution of the project. (**Ex. C, D, E.**)

25. Under the heading "SCALING-UP FOR FULL SCALE BASED ON THE FIELD PILOT DATA – FRA" the '709 patent was cited as the basis of IET's extensive experience and expertise in the use of ZVI and organic hydrogen donors in reductive dechlorination;

> *"Integrating the ZVI element into the entire remedial work plan requires an understanding and experience with all ZVI products. IET has been the innovator in the industry for 20 years, IET holds a United States Patent for the use of ZVI and organic Hydrogen donors (Patent Numbers 7,531,709 and 7,129,388)"*

and

> *"Understanding the indigenous microflora, their metabolic needs and providing for those needs will insure a more efficient, robust and productive consortium in situ" (United States Patent 7,531,709)* (**Ex. C, D, E.**)

26. Further under the topic of "ZERO VALENT IRON (ZVI)" the proposals again cite to the ownership and applicability of the '709 Patent to the remediation of the S.S. White site:

> *"An appropriately chosen mix of ZVI is critical to the success of a reductive dechlorination program. Further, understanding the various types of ZVI available and selecting from the commercially available ZVI products that will perform for the specific needs and objectives of the project is one of the most important elements of an effective remedial program. Integrating the ZVI element*

*into the entire remedial work plan requires an understanding and experience with all ZVI products. IET has been the innovator in the industry for 20 years, IET holds a United States Patent for the use of ZVI and organic Hydrogen donors (Patent Numbers 7,531,709 and 7,129,388)* (**Ex. C, D, E.**)

27. Under the heading of "MICRONUTRIENTS" the IET proposals again emphasized the importance of the '709 patent and it ownership:

*"It should be noted that IET is the only company in the United States who holds a patent on the use of zero valent iron and organic hydrogen donor for the purposes of degrading CVOCs. Although certain elements of the patent are licensed to others for their use, the addition of vitamin B2 and B12 as cited in the claims below are not part of those licenses. Claims of United States Patent 7,531,709 (attached in its entirety) 1. A method for accelerated anaerobic dechlorination of subsoil matter, comprising the steps of: supplying a mixture including a zero valent metal into soil pathways to biologically react with the dissolved chlorinated solvents in the groundwater; and supplying an organic hydrogen donor into the soil pathways to produce dechlorinating conditions such that indigenous anaerobic bacteria biodegrade residual concentrations of chlorinated solvents. 2. The method of claim 1 further including the step of supplying a reducing agent into said soil pathways to remove oxygen from groundwater and soil moisture. 3. The method of claim 1 wherein the steps of supplying said mixture and said organic hydrogen donor are carried out by placing an injection rod into the soil and then injecting them under pressure through an injection rod. 4. The method of claim 3 further including the preliminary step of injecting a gas*

*under pressure through said injection rod and into said soil to establish preferential delivery pathways therein. The method of claim 2 wherein said reducing agent is sodium sulfite. 6. The method of claim 1 wherein said organic hydrogen donor further includes vitamins B2 and B12. 7. The method of claim 1 wherein the mixture further includes nutrients. 8. The method of claim 7 wherein said nutrients are organic ammonia and ortho-phosphate. 9. The method of claim 1 wherein said organic hydrogen donor is from the group consisting of lactate, propionate, chitin, butyrate, acetate, sugars, glycerol tripolylactate, xylitol pentapolylactate, and sorbitol hexapolylactate.* (**Ex. C, D, E.**)

28. These same points were reemphasized again in subsequent sections of the proposals to Defendants and the patent itself was summarized and attached as an appendix to each proposal.

29. As a result of reviewing the IET proposal and amended proposals Shelby, RETIA and Total expressly understood that the '709 Patent teaches the treatment of chlorinated contaminants with a combination of ZVI and an organic hydrogen donor and that any use of the '709 technology without a license would infringe IETs intellectual property.

30. IET was not awarded the S.S. White remediation project.

31. Instead the project was awarded to a company called ISOTEC.

32. Shelby described ISOTEC's proposal in detail to IET President Mike Scalzi ("Scalzi") prior to awarding the contract.

33. The purpose of the discussions with Scalzi was to determine if IET could further modify its proposal to reduce cost at or below what ISOTEC was charging.

34. Based on Shelby's description of the ISOTEC proposal it was clear to Scalzi that ISOTEC was planning to utilize the technology protected by the '709 Patent in the execution of the S.S. White project by utilizing a combination of products supplied by a company called Remediation Products, Inc. (RPI).

35. It was the understanding of Scalzi that ISOTEC intended to apply RPI's products: Boss 100 and Cat 100. The products in combination contain ZVI and an Organic hydrogen donor which are the component parts of the '709 technology.

36. Neither ISOTEC nor RPI were or are licensed to utilize the '709 Patent.

37. Scalzi warned Shelby in multiple conversations that if Total and RETIA utilized the ISOTEC plan they would be infringing on the '709 Patent.

38. Despite Scalzi's explicit warnings and Defendants' knowledge of the '709 Patent, Total and RETIA - through Shelby - awarded the contract to ISOTEC and worked together with ISOTEC to complete the project and infringe on the '709 Patent.

39. IET and Provectus have attempted to recover a licensing fee from Total and RETIA but their request have been ignored. (*See* true and correct copy of email between Scalzi and Shelby attached hereto as **Ex. F**.)

## COUNT I – INFRINGEMENT OF THE '709 PATENT

40. Plaintiff incorporates by reference the averments set forth in each of the preceding paragraphs as if fully set forth herein.

41. The Defendants have infringed the '709 Patent by utilizing the process protected by the '709 Patent. Under U.S. Patent Law, any party who "uses, makes or sells a product or process protected by a valued U.S. Patent is exposed to liability. 35 U.S.C. § 271(a).

42.     Any party who induces infringement as Defendants did here are directly liable for infringement. 35 U.S.C. § 271(b).

43.     Specifically, the combination of a ZVI and hydrogen donor which directly infringes the process described and protected by the '709 Patent related to, inter alia, the Accelerated Dechlorination of Subsurface Matter.

44.     Defendants had actual knowledge of the '709 Patent and have willfully committed said infringing activities.

45.     Defendants intentionally induced ISOTEC to infringe the '709 Patent.

46.     These infringing activities violated 35 U.S.C. § 271 and entitle Plaintiff to an award of treble damages and attorneys' fees.

47.     Defendants' conduct was willful in that IET informed Defendants that their activities in the execution of the S.S. White project would be covered by the '709 Patent and therefore would constitute infringement of the IET '709 Patent.

48.     Despite this knowledge the Defendants made a deliberate decision to infringe the '709 Patent, thus Plaintiffs are entitled to treble damages and attorney's fees.

49.     Because no license was issued and no licensing fees or royalties were paid on the S.S. White project, IET has suffered damages and a loss of royalties in excess of $150,000 as a result of the Defendants' infringing activities.

## PRAYER FOR RELIEF

**WHEREFORE**, IET respectfully requests that this Court grant the following relief:

A.     Declare that the Defendants improperly willfully induced others to infringe one or more of the claims of the '709 Patent.

B.  Declare that the Defendants has improperly infringed one or more claims of the '709 Patent by using Plaintiffs' technology without authorization.

C.  Order that the Defendants pay damages under 35 U.S.C. § 284, including treble damages, with prejudgment interest;

D.  Issue a declaration finding this to be an exceptional case, and ordering the Defendants to pay the costs of this action and attorneys' fees as provided by 35 U.S.C. § 285, with prejudgment interest;

E.  Grant any and all such additional and further relief as this Court may deem just and equitable.

IET and Provectus hereby demands that all issues be determined by a jury.

**BOCHETTO & LENTZ, P.C.**

Dated: July 26, 2018

By: /s/ Bryan Lentz
Bryan R. Lentz, Esquire
PA ID No. 71383
1524 Locust Street
Philadelphia, PA 19102
(215) 735-3900
blentz@bochettoandlentz.com

*Attorney for Plaintiffs*